## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Leslie Shanley and Erin Eizelman, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br>v.<br><br>Evereve, Inc.,<br><br>      Defendant. | Court File No. _____<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiffs, Leslie Shanley and Erin Eizelman (collectively, "Named Plaintiffs"), individually and on behalf of all others similarly situated, as collective action representatives, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

## PRELIMINARY STATEMENT

1. This lawsuit seeks to recover allegedly unpaid overtime compensation for Named Plaintiffs and their similarly situated co-workers who worked for Defendant Evereve, Incorporated (individually and collectively, "Defendant" or "Evereve") throughout various states, as exempt-classified Assistant Store Managers ("ASMs") during the Statute of Limitations Period as defined in the Settlement Agreement and Release of Claims ("Settlement") entered into between the Named Plaintiffs, individually and on behalf of others similarly situated, and Evereve (collectively, the "Parties").

2. Named Plaintiffs allege they are entitled to unpaid wages, liquidated damages, and attorneys' fees and costs under the FLSA and the supporting United States

Department of Labor regulations, on behalf of themselves and all similarly situated exempt-classified ASMs who worked for Defendant during the Statute of Limitations Period and who elect to opt in to this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b) (also referred to herein as the "Potential Opt-in Plaintiffs").

3. Named Plaintiffs allege that Defendant did not pay Named Plaintiffs and the Potential Opt-in Plaintiffs for overtime hours worked during their time as exempt-classified ASMs. Named Plaintiffs allege that the failure to pay stemmed from Defendant's improper classification of ASMs as exempt, salaried employees rather than non-exempt, hourly employees.

4. By the conduct described in this Complaint, Named Plaintiffs allege that Defendant willfully violated the FLSA by failing to pay Named Plaintiffs and the Potential Opt-in Plaintiffs overtime wages as required by law.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Defendant, pursuant to Federal Rule of Civil Procedure 4(k).

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 as the claim asserted herein arises under the laws of the United States.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is based in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

### *Plaintiffs*

8. Named Plaintiffs are adult individuals who worked for Defendant as exempt-classified ASMs during the Statute of Limitations Period.

9. Named Plaintiffs allege that they regularly worked for Evereve in excess of forty (40) hours per workweek during their time as exempt-classified ASMs.

10. Named Plaintiffs allege that, pursuant to Evereve's policy, pattern, or practice, they and the Potential Opt-in Plaintiffs performed work during overtime hours without compensation.

11. Named Plaintiffs are covered employees within the meaning of the FLSA.

12. Named Plaintiffs' written consents to join a collective action under 29 U.S.C. § 216(b) are attached as Exhibit 1.

13. Named Plaintiffs have retained Plaintiffs' Counsel to represent them, and seek to recover unpaid wages, liquidated damages, and attorneys' fees and costs, on behalf of themselves and the Potential Opt-in Plaintiffs pursuant to 29 U.S.C. § 216(b).

### *Defendant*

14. Defendant is a Minnesota corporation which does business in Edina, Minnesota.

15. At all relevant times, Defendant was an employer of Named Plaintiffs and other exempt-classified ASMs (including Potential Opt-in Plaintiffs) within the meaning of the FLSA.

16. At all times relevant, Defendant maintained control, oversight, and direction

over Named Plaintiffs, including timekeeping, payroll, and other employment practices that applied to them.

17. Defendant had gross annual revenues exceeding $500,000.00 for all relevant periods herein.

## COLLECTIVE ACTION ALLEGATIONS

18. Named Plaintiffs bring the First Cause of Action on behalf of themselves and similarly situated current and former Potential Opt-in Plaintiffs who work or have worked for Defendant as exempt-classified ASMs during the Statute of Limitations Period who elect to opt in to this action.

19. Named Plaintiffs allege that they and the Potential Opt-in Plaintiffs are similarly situated in that they were subject to Defendant's common compensation policy, pattern, or practice.

20. Named Plaintiffs allege that Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Named Plaintiffs and all other Potential Opt-in Plaintiffs for all overtime hours worked as ASMs. The Potential Opt-in Plaintiffs are known to Evereve, are readily identifiable, and can be located through Evereve's records. Notice should be sent to the Potential Opt-in Plaintiffs, pursuant to 29 U.S.C. § 216(b).

## COMMON FACTUAL ALLEGATIONS

21. Named Plaintiffs allege that, during the course of their employment with Evereve as ASMs, they and the Potential Opt-in Plaintiffs regularly worked in excess of forty (40) hours in each workweek, but were not compensated for all such hours worked at the applicable overtime pay rate.

22. Named Plaintiffs allege that all of the work that they and the Potential Opt-in Plaintiffs performed as ASMs was assigned by Evereve, and/or Evereve was aware of all of the work that Named Plaintiffs and the Potential Opt-in Plaintiffs performed.

23. Named Plaintiffs allege that Evereve willfully violated the FLSA based on the conduct alleged herein.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Unpaid Overtime Wages Brought by**
**Named Plaintiffs Individually and on Behalf of the Potential Opt-in Plaintiffs**

24. Named Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

25. At all relevant times, Named Plaintiffs and other similarly situated Potential Opt-in Plaintiffs were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

26. The overtime wage provisions set forth in § 201, *et seq.*, of the FLSA apply to Evereve.

27. At all relevant times, Defendant is or was the employer of Named Plaintiffs and other similarly situated Potential Opt-in Plaintiffs and is or was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

28. At all relevant times, Named Plaintiffs and other similarly situated Potential Opt-in Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

29. Named Plaintiffs allege that Evereve failed to pay Named Plaintiffs and other similarly situated Potential Opt-in Plaintiffs the overtime wages to which they were entitled

under the FLSA while working as ASMs.

30. Named Plaintiffs allege that Evereve's violations of the FLSA, as described in this Complaint, have been willful and intentional. Named Plaintiffs allege that, as a result of Evereve's willful violations of the FLSA, they and other similarly situated Potential Opt-in Plaintiffs have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq.*, in amounts to be determined and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiffs, individually and on behalf of all other similarly situated Potential Opt-in Plaintiffs who worked for Evereve during the Statute of Limitations Period, pray for the following relief:

A. that, at the earliest possible time, Named Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all individuals who worked for Evereve as exempt-classified ASMs during the Statute of Limitations Period. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages

B. the payment of all unpaid overtime wages at one-half times their regular rates of pay for all overtime hours worked by Named Plaintiffs and Potential Opt-in Plaintiffs for which they have not been properly compensated;

C. liquidated damages pursuant to 29 U.S.C. § 216(b);

D.  reasonable attorneys' fees and costs;

E.  reasonable general release awards for each Named Plaintiff to compensate them for the time they spent attempting to recover wages for Potential Opt-in Plaintiffs as exempt-classified ASMs in the United States, for the risks they took in doing so, and in exchange for a general release of claims;

F.  prejudgment interest; and

G.  all other relief that this Court deems just and appropriate.

Dated: February 1, 2022                           Respectfully submitted,

s/ Adam W. Hansen
Adam W. Hansen
MN Bar No. 0391704
APOLLO LAW LLC
333 Washington Avenue North
Suite 300
Minneapolis, MN 55401
Telephone: (612) 927-2969
Fax: (801) 504-7567
adam@apollo-law.com

Gregg I. Shavitz*
SHAVITZ LAW GROUP, P.A.
951 Yamato Road
Suite 285
Boca Raton, FL 33431

Michael Palitz*
SHAVITZ LAW GROUP, P.A.
447 Madison Avenue
6th Floor
New York , NY 10022

*Attorneys for Plaintiffs and the Putative Collective*

* *Pro Hac Vice* admission anticipated